IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LIFENET, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 6:22-cv-00162-JDK |

### DEFENDANT'S OPPOSITION TO MOTION
### FOR EXPEDITED SUMMARY JUDGMENT BRIEFING

After waiting more than six months to bring suit to challenge regulations that were issued in October 2021, Plaintiff now seeks to make up for lost time. It seeks a highly expedited schedule for briefing on its forthcoming summary judgment motion. But far from demonstrating the sort of an emergency that could justify such an unusual request, Plaintiff has failed even to allege that it has any need for expedition at all. Plaintiff makes no attempt to show that it is involved in any payment disputes that would be subject to arbitration under the current (and soon to be superseded) version of the Defendants' regulations. Instead, it relies solely on declarations submitted by other entities, which are not plaintiffs here but are instead active participants in litigation seeking the same relief that is pending in the U.S. District Court for the District of Columbia. Rather than proceeding directly to merits briefing, this Court should transfer this action to the court hearing the earlier-filed action; at the very least, this Court should address the transfer motion before this case moves on to the merits stage.

1

1. As Defendants explain more fully in their motion to transfer (which is being filed concurrently with the memorandum), this action involves claims that are virtually identical to those in a suit that has been pending in the U.S. District Court for the District of Columbia for nearly six months. The plaintiff in that earlier-filed case, the Association of Air Medical Services, is a trade association that represents 93% of the U.S. air ambulance industry, including Air Methods Corporation, a national air ambulance operator that is not only business partners with Plaintiff here, but that may well have the principal financial stake in this case. To prevent the unnecessary expenditure of judicial resources, avoid wasteful and duplicative litigation, and avert the possibility of inconsistent judgments, Defendants have requested that the Court transfer this case to the U.S. District Court for the District of Columbia.

Defendants also respectfully submit that the Court should resolve the motion for transfer before embarking on the precipitous summary judgment proceedings that Plaintiff requests. "Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020); *accord, In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003) ("disposition of that [transfer] motion should have taken a top priority"); *E. Texas Boot Co., LLC v. Nike, Inc.*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at *2 (E.D. Tex. Feb. 15, 2017) (same). "Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected." *In re Apple Inc.*, 979 F.3d at 1337 (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)). "[S]uch consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the

pendency of the suit instead of considering it in two courts." *McDonnell Douglas Corp.*, 429 F.2d at 30.

2. Plaintiff, in any event, has made no showing that it has any need for expedition of this case in this Court or in the proposed transferee court. It has not attempted to show that it is engaged in any payment disputes with group health plans or health insurance issuers that are in arbitration under the No Surprises Act, or even any disputes with these payors that may result in arbitration. Instead, it attaches declarations from other air ambulance service providers, which are not plaintiffs here, but which instead have been active participants in the litigation pending in the District of Columbia. *See* Decl. of Koreen Muthiah, ECF No. 19-1 (Air Methods); Decl. of David Motzkin, ECF No. 19-2 (PHI Health); Decl. of Sarah Netherton, ECF No. 19-3 (Global Medical Response, Inc.). Air Methods, in particular, is a national air ambulance service provider that has entered into partnerships with dozens of local entities across the United States. *See* Air Methods, Explore Our Healthcare Partners, https://www.airmethods.com/air-medical/healthcare-partners/. Plaintiff is one such local entity, but the Air Methods declaration makes no attempt to demonstrate which, if any, of its pending payment disputes involves services that it performed under the Air Methods-LifeNet partnership. There is thus no reason to believe that Plaintiff would suffer any harm if merits briefing were to proceed on a regular schedule once the transfer motion is decided.

3. Indeed, there is little reason to believe that Plaintiff suffers any harm at all from the challenged regulation. As explained more fully in Defendants' motion to transfer, the available evidence indicates that Air Methods likely has the primary financial stake in this case. Plaintiff and Air Methods operate in a partnership under the "alternative delivery model," under which a local partner such as Plaintiff receives a flat fee and Air Methods retains all control over billing and collections. At this early stage of the litigation, Defendants do not know the full nature of the

Air Methods-LifeNet partnership. But if discovery demonstrates that Air Methods is the sole party that would benefit financially from greater recoveries on billing for out-of-network air ambulance services, this would defeat Plaintiff's claim that it suffers an injury-in-fact from the challenged regulation. Accordingly, if this case were to proceed to the merits now, Defendants would move to defer further summary judgment briefing under Federal Rule of Civil Procedure 56(d) to allow time for targeted discovery on the subject of Plaintiff's standing.

      3. Even if Plaintiff has a financial interest in these payment disputes, it is unlikely to suffer any harm in the coming months, given that the regulation that it challenges will be superseded in the near future. As Defendants note in their motion to transfer, they are preparing a set of final rules that they anticipate will supersede the portions of 45 C.F.R. § 149.510 that this Court has vacated, as well as those portions of the separate regulation under 45 C.F.R. § 149.520, involving the arbitration of air ambulance payment disputes, that Plaintiff seeks to challenge in this action. Defendants anticipate that these rules will be published by early summer. In the meantime, there is no good cause for this Court to rush to decide a challenge to a regulation that will shortly no longer be in force, or to interfere during this time with the District of Columbia court's consideration of the same challenge.

      4. Plaintiff's professed need for expedition is further undercut by its failure to explain its delay in bringing this suit. Defendants issued the challenged regulation in October 2021, yet Plaintiff waited over six months to bring this suit. In neither its Complaint nor its motion to expedite does Plaintiff offer any explanation or justification for this delay. In the meantime, the Association of Air Medical Services brought suit to challenge the same regulation, and cross-motions for summary judgment have been fully briefed and oral argument has been presented in that action. Similarly, the Texas Medical Association promptly brought its challenge to a separate

set of provisions in the October 2021 rulemaking, thereby permitting the parties to brief cross-motions for summary judgment in an orderly fashion and for this Court to hear argument and issue a decision before arbitrations began to be conducted under the No Surprises Act.[1] Plaintiff's decision to wait until after the arbitration process had begun to bring its lawsuit does not support its claim that it now requires emergency relief. *Cf. Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not intended for those who sleep on their rights.").

5. Finally, Defendants would be prejudiced if they were to be required to brief cross-motions for summary judgment under the schedule that Plaintiff now proposes. Defendants are currently engaged in preparing briefing and preparing for oral argument in *Haller v. U.S. Department of Health & Human Services*, No. 2:21-cv-07208-AMD-AYS (E.D.N.Y.), a case that raises a constitutional challenge to the No Surprises Act. An expedited briefing schedule in this case would interfere with Defendants' efforts to prepare for the defense of that earlier-filed action, but Plaintiff offers no reason why its late-filed action should jump the queue over the claims filed by the plaintiffs in that case. Moreover, Plaintiff seeks to require Defendants to respond within seven days to a summary judgment motion, with Defendants' brief due May 23. (This response time would be shorter even than the default deadline for a response to a preliminary injunction motion, despite Plaintiff's failure even to attempt to show that it will suffer any irreparable harm. *See* Local Rule CV-7(e).) One of Defendants' counsel, however, is scheduled to be out of the office for a medical procedure on May 20, and for that reason will be unavailable that day and for portions of the preceding day. Finally, the appeal from this Court's judgment in the *Texas Medical*

---

[1] Indeed, many other plaintiffs filed timely lawsuits challenging the No Surprises Act regulations in federal district courts around the country within weeks of the regulations being promulgated. *See Am. Med. Ass'n v. HHS*, No. 1:21-cv-03231 (D.D.C. Dec. 9, 2021), ECF No. 1; *Am. Soc'y of Anesthesiologists v. HHS*, No. 1:21-cv-06823 (N.D. Ill. Dec. 22, 2021), ECF No. 1; *Ga. Coll. of Emergency Phys. v. HHS*, 1:21-cv-5267 (N.D. Ga. Dec. 23, 2021), ECF No. 1.

*Association* case is currently stayed by the Fifth Circuit, and therefore supplies no justification for expedition here. *See* Order, *Tex. Med. Ass'n v. HHS*, No. 22-40264 (5th Cir. May 3, 2022). Under these circumstances, it would not serve the interests of justice to require Defendants to respond to a summary judgment motion within seven days, particularly given the absence of any showing by Plaintiff of a need for expedition in this case.

For the foregoing reasons, the Defendants respectfully request that the Court deny the motion for expedited summary judgment briefing.

Dated: May 12, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　BRIT FEATHERSTON
　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　JAMES GILLINGHAM
　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　　Eastern District of Texas
　　　　　　　　　　　　　　　　　　　　　　110 N. College Street; Suite 700
　　　　　　　　　　　　　　　　　　　　　　Tyler, Texas 75702
　　　　　　　　　　　　　　　　　　　　　　E-mail: James.Gillingham@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　Phone: (903) 590-1400
　　　　　　　　　　　　　　　　　　　　　　Fax: (903) 590-1436
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar # 24065295

　　　　　　　　　　　　　　　　　　　　　　SEAN C. DAY
　　　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　Eastern District of Texas
　　　　　　　　　　　　　　　　　　　　　　101 E. Park Blvd., Suite 500
　　　　　　　　　　　　　　　　　　　　　　Plano, Texas 75074
　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 934-4060
　　　　　　　　　　　　　　　　　　　　　　Fax: (972) 590-1209
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 502363

　　　　　　　　　　　　　　　　　　　　　　ERIC B. BECKENHAUER
　　　　　　　　　　　　　　　　　　　　　　Assistant Branch Director

JOEL McELVAIN
Senior Trial Counsel

/s/ Anna Deffebach
ANNA DEFFEBACH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-8356
Fax: (202) 616-8470
E-mail: anna.l.deffebach@usdoj.gov
D.C. Bar No. 241346

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify on this 12th day of May, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                /s/ Anna Deffebach
                                ANNA DEFFEBACH