UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LIFENET, INC.<br><br>      Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>U.S. DEPARTMENT OF LABOR,<br><br>U.S. DEPARTMENT OF THE TREASURY,<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>and the<br><br>CURRENT HEADS OF THOSE AGENCIES IN THEIR OFFICIAL CAPACITIES,<br>      Defendants. | Case No. 6: 22-cv-00162-JDK |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING**

  Defendants' Opposition has *nothing to say* about the following three points that distinguish this case from all the authorities that Defendants cite:

- *TMA* already answered the relevant question. Mot., at 1. Defendants offer *no explanation* why it is appropriate for them to enforce a regulation whose identical twin (word-for-word) was struck down in *TMA*.

- The certified administrative record is already before the Court on the *TMA* docket. Mot., at 3. Defendants do not point to a single new document, argument, or reference that would be relevant to the merits and yet was not already presented to the Court in *TMA*. Their claim to be "prejudiced" by having to re-file the same brief therefore rings hollow.

- "Public interest" favors expedited briefing, since more than 500 air ambulance IDRs are either already underway or else are in the 30-day "open negotiation" period immediately before an IDR begins. Mot., at 3. Defendants speculate about LifeNet's *private* interests, but they have nothing to say about the *public* interest in an orderly process for these many hundreds of air ambulance IDRs. *See* Mot. at 1 (quoting DOJ testimony to Congress that a "special public . . . interest" would justify "expedition" under Section 1657(a)).

Defendants' arguments in support of delay are without merit.

*LifeNet has standing.* Defendants speculate that LifeNet may lack standing and that discovery is needed on this point. In fact, LifeNet stands in the same position as Dr. Adam Corley, the individual plaintiff in *TMA*. Dr. Corley did not himself seek reimbursement from the health plans and insurers; nor did he participate in the IDR process. Instead, Dr. Corley was paid an hourly salary by non-party Precision Emergency Physicians, PLLC, which company was responsible for collecting reimbursement from the plans and insurers and engaging in the IDR process. *TMA*, Corley Supp. Decl., Dkt. 98-4, ¶ 3. Dr. Corley nevertheless had standing because, as his declaration attested, the QPA Presumption will "result in lower reimbursement rates for my services … and, correspondingly, will cause my hourly compensation … to decrease." *Id.* ¶ 8. The Court correctly held that this is "a quintessential injury upon which to base standing." *TMA*, 2022 WL 542879, at *5. In similar fashion, LifeNet is directly reimbursed for its services by Air Methods Corporation. But as the attached declaration from LifeNet's General Counsel attests, LifeNet has standing because the QPA Presumption "will drive out-of-network reimbursement rates to the QPA as a benchmark. That in turn will cause LifeNet's compensation to decrease significantly." Ex. 6 (Gaines Decl.), ¶ 11.

*LifeNet did not delay.* LifeNet believed that the *TMA* litigation would resolve the question of the QPA Presumption in *all* IDRs, including air ambulance IDRs. That belief was fully justified since *not one word* in the statute, or in the regulations, or in Defendants' own rulemaking, suggests

that the QPA should be weighted or considered differently, in air ambulance IDRs, from how it is weighted and considered in all other IDRs. After Defendants announced otherwise in their guidance published on April 12, 2022, LifeNet moved quickly. This lawsuit was filed just fifteen days later, on April 27, 2022.

*Transfer is not appropriate.* Defendants do not cite a single case—neither in their opposition nor their separate motion to transfer—in which the court presented with the transfer motion had already decided the merits in a closely related case. Moreover, LifeNet will respond to the transfer motion by no later than Monday, May 16, so that the question of transfer can be resolved promptly.  LifeNet is *not* a member of the Association of Air Medical Services (AAMS) that is the plaintiff before Judge Leon. Ex. 6, ¶ 13.

*There is no guarantee that Defendants' forthcoming rules will be issued promptly or that they will fix the problem.* Defendants claim that they will issue new regulations "by early summer" that will "supersede" the provisions that were vacated by *TMA*. Opp. ¶ 3. But Defendants do *not* say that these new regulations will eliminate the unlawful QPA Presumption. *See id.* Defendants' decision to continue to enforce the QPA Presumption in air ambulance IDRs strongly suggests that their "superseding" regulations will perpetuate the problem. Nor is there any legal requirement that Defendants publish these promised new regulations by any date certain. Their wish to do so by "early summer" is not backed by any deadlines or legal compulsion.

For the foregoing reasons, and those stated in the opening motion, Plaintiff LifeNet respectfully requests that the Court order expedited summary judgment briefing.

//

//

Dated: May 13, 2022

>
> BY:      /s/ Stephen Shackelford, Jr.
> Stephen Shackelford, Jr. (EDTX Bar No. 24062998)
> Steven M. Shepard (*pro hac vice*)
> SUSMAN GODFREY LLP
> 1301 Ave. of the Americas, Fl. 32
> New York, NY  10019
> sshackelford@susmangodfrey.com
> 212-336-8340
> *Counsel to Plaintiff LifeNet, Inc.*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be filed on the CM/ECF system on May 13, 2022, which will effect service on call counsel of record.

/s/ *Stephen Shackelford, Jr.*
Stephen Shackelford, Jr.