IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| LIFENET, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 22-cv-00162-JDK |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER**

## INTRODUCTION

Defendants' motion to transfer established beyond reasonable dispute that this case substantially overlaps with *Association of Air Medical Services* ("*AAMS*") *v. U.S. Department of Health and Human Services*, No. 21-cv-3031 (D.D.C.), a suit brought over six months ago by the air ambulance industry's leading trade organization, raising challenges to the regulations promulgated under the No Surprises Act specific to air ambulance service providers, based on an administrative record unique to the air ambulance industry. Plaintiff contends that transfer is inappropriate because this Court has already decided another case involving different regulations promulgated under the same Act, *Texas Medical Association* ("*TMA*") *v. U.S. Department of Health and Human Services*, No. 6:21-cv-00425 (E.D. Tex.). But that case did not involve the portions of the statute or the regulations specific to the air ambulance industry. By contrast, both this case and *AAMS* involve resolution of the weight given to the qualifying payment amount ("QPA") by independent dispute resolution ("IDR") entities in deciding air ambulance payment disputes. The risk of inconsistent judgments between *AAMS* (involving the organization that represents 93% of the industry) and this case (involving a single plaintiff, LifeNet, a business partner of a member of AAMS that has participated in both cases) weighs strongly in favor of transferring under the first-to-file rule to ensure that all air ambulance payment disputes are decided under the same rules. Accordingly, this Court should grant the motion and transfer this case to the District of Columbia.

## ARGUMENT

**I.   This Case Should be Transferred to the U.S. District Court for the District of Columbia Under the First-to-File Rule.**

   1. Plaintiff's principal argument is that this case should not be transferred because this Court has already addressed similar issues in *TMA*. But *AAMS* is the first-filed case challenging the

1

interim final rule actually at issue here. The relevant test is not whether this Court has ever addressed analogous issues in another matter, but whether there is a "likelihood of substantial overlap" between the later-filed case and the earlier-filed one. *Mann Mfrg. Inc. v. Hortex*, 439 F.2d 403, 408 (5th Cir. 1971). Plaintiff here and plaintiff in *AAMS* seek *identical* relief—vacatur of the regulations specific to the air ambulance industry. Consistent with the purposes of the first-to-file rule, the first-filed case is the one that poses a risk of inconsistent judgments in order to "avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Sytek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

A closer look at the risk of duplicative litigation and inconsistent judgments demonstrates that *AAMS*, not *TMA*, is the first-filed case. As LifeNet has explained, it does not bill patients for its air ambulance services, does not negotiate with out-of-network insurance companies over payments, and will not participate in the IDR process established by the No Surprises Act. ECF No. 27 at 11. Instead, LifeNet is paid a fixed amount set by its contract with Air Methods, and Air Methods is the entity that actually bills for services and participates in the IDR process. *Id.* Any injury that LifeNet claims it would suffer from the regulations governing the IDR process (however speculative and attenuated that injury may be) is purely derivative of Air Methods' injury. And Air Methods is a member of the AAMS and has been actively involved in the *AAMS* case, and thus would be bound by a judgment against the association in that litigation.[1] *See*

---

[1] In fact, all of the air ambulance companies on whose behalf LifeNet appears to be litigating are members of the AAMS and have been actively involved in the *AAMS* litigation. *Compare* ECF Nos. 19-1, 19-2, 19-3 (declarations from employees of Air Methods Corporation, PHI Health, LLC, and Global Medical Response, Inc., respectively), *with AAMS.*, No. 1:21-cv-03031 (D.D.C.) ECF Nos. 1-7, 1-5, 1-6 (same). Presumably, each of these companies would seek to benefit from a favorable judgment in this case, but as Association members, they would almost certainly also be bound by an unfavorable judgment in the first case. That those companies may have preferred a quicker decision in *AAMS* does not justify litigating a duplicative suit in this forum.

*Aluminum Co. of Am. v. ICC*, 761 F.2d 746, 751 (D.C. Cir. 1985) (Scalia, J.) (members of the association "that unsuccessfully challenged the guidelines … are precluded from relitigating that case here").[2] Complying with inconsistent judgments as between this case and *AAMS* would be virtually impossible, and thus transfer to the District of Columbia to ensure that all air ambulance providers are subject to the same rules governing the IDR process would avoid this risk of duplicative, inconsistent, and piecemeal litigation. In contrast, because there is no risk of inconsistency if air ambulance providers and non-air ambulance providers are subject to different rules in the IDR process—indeed they are already subject by statute to different considerations, *see* 42 U.S.C. §§ 300gg-111(c)(5)(C)(ii); 300gg-112(b)(5)(C)(ii)—the *TMA* case does not present the same risk of inconsistent judgments and piecemeal litigation. Therefore, *AAMS*, and not *TMA*, is the first-filed case.

      2. The overlap between this case and *AAMS* is substantial. As Defendants explained in their motion (ECF. No. 22), when faced with a motion to transfer under the first-to-file rule, the role of a second-filed court is a "limited" one. *Platt v. Nash*, No. 16-294, 2016 WL 6037856, at *1 (E.D. Tex. Oct. 14, 2016). That role is simply to decide whether the movant has shown a "likelihood of substantial overlap" between the two suits. *Mann*, 439 F.2d at 408 (emphasis added); *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (second-filed court should determine whether "the issues *might* substantially overlap") (emphasis added). If the movant

---

[2] Any relief granted in this case should be limited to LifeNet only, as it is the only plaintiff in this case. "The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it." *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018). However, this does not mitigate the risk of inconsistent judgments, but raises the possibility that one rule could apply to 93% of the air ambulance industry and a different rule to LifeNet, posing the sort of logistical difficulties the first-to-file rule is intended to avoid.

makes this showing, then "the second-filed court allows the first-filed court to 'resolve the question of whether both [cases] should be allowed to proceed.'" *Platt*, 2016 WL 6037856, at *1.

The substantial overlap of the interested parties and issues in this case and *AAMS* easily meets this test. A decision in *AAMS* would naturally require addressing the same issues presented here—that alone demonstrates that the overlap between the two cases is substantial. That LifeNet is not itself a member of the AAMS is no bar to transfer, particularly given the close business ties between LifeNet and Air Methods, which *is* an AAMS member: "Complete identity of the parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951. Indeed, that Air Methods and other entities participating in this case have also been extensively involved in the *AAMS* case further demonstrates that the core issues in each case are identical.

And in the Fifth Circuit, even where the overlap between the cases is less complete than it is here, "'the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *Save Power*, 121 F.3d at 951). Under this test, the overlap of the core issues, the likelihood of conflict, and the comparative advantage of the *AAMS* court having received the administrative record and full briefing, including numerous amicus briefs on issues specific to the air ambulance industry, weigh in favor of transfer.

3. No additional "compelling reasons" mitigate against transferring this case to the District of Columbia. ECF No. 26 at 10. Although LifeNet's headquarters is located in Texarkana, that alone does not outweigh the substantially similar issues and the serious risk of inconsistent judgments between this case and *AAMS*. Furthermore, the "compelling circumstances" that

LifeNet points to are the interests of *three other* air ambulance companies (Air Methods, PHI Health, and Global Medical Response), none of which claims any particular connection to Texas. ECF No. 26 at 11. And, as discussed above, all three companies are members of AAMS and have been active participants in the *AAMS* case. Plaintiff is thus trying to have it both ways by attempting to distance itself from the challengers in *AAMS*, ECF No. 26 at 8-9, while nevertheless seeking to use this case, filed months after *AAMS* and after the district court in that case held a summary judgment hearing, to vindicate those same parties' interests.[3]

The *AAMS* court would not, as Plaintiff asserts, have to "re-do" all of the considerable effort already expended in that case in order to decide the issues presented here. To the contrary, it is this Court that would have to re-do all of the effort already expended by the *AAMS* court in reviewing the administrative record that pertains to the air ambulance regulations. Regardless, under Fifth Circuit precedent, it is for the District Court for the District of Columbia, as the first-filed forum, to decide whether the substantial overlap of the issues and the risk of inconsistent judgments and piecemeal litigation in these two cases justifies a transfer. *See Mann*, 439 F.2d at 408 (noting that it "[i]s no longer up to the [second filed court]").

## CONCLUSION

Because there is substantial overlap of the issues, and a serious risk of duplicative, piecemeal litigation and inconsistent judgments between this case and the first-filed *AAMS* case, this Court should transfer this case to the U.S. District Court for the District of Columbia so that that court may determine whether it should be consolidated with *AAMS*.

---

[3] Likewise, the fact that an appeal of the *TMA* judgment is pending in the Fifth Circuit does not constitute "compelling circumstances" to deny the transfer motion. The Fifth Circuit has stayed the appeal in anticipation of the new rule issuing this summer. *See* Order, *Tex. Med. Ass'n v. HHS*, No. 22-40264 (5th Cir. May 3, 2022).

Dated:  May 25, 2022                              Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIT FEATHERSTON
United States Attorney

JAMES GILLINGHAM
Assistant U.S. Attorney
Eastern District of Texas
110 N. College Street; Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
Phone: (903) 590-1400
Fax: (903) 590-1436
Texas State Bar # 24065295

SEAN C. DAY
Special Assistant United States Attorney
Eastern District of Texas
101 E. Park Blvd., Suite 500
Plano, Texas 75074
Phone: (202) 934-4060
Fax: (972) 590-1209
D.C. Bar No. 502363

ERIC B. BECKENHAUER
Assistant Branch Director

/s/ Anna Deffebach
ANNA DEFFEBACH
Trial Attorney
D.C. Bar No. 241346
JOEL McELVAIN
Senior Trial Counsel
D.C. Bar No. 448431
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-8356
Fax: (202) 616-8470
E-mail: anna.l.deffebach@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify on this 25th day of May, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

/s/ Anna Deffebach  
ANNA DFFFEBACH
